# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DANIEL K. MAXWELL,**

    **Plaintiff,**

vs.                                   Case No. 4:09cv378-SPM/WCS

**STATE OF FLORIDA,**
**SECOND JUDICIAL CIRCUIT,**
**LEON COUNTY, FLORIDA,**

    **Defendant.**

                                       /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a motion seeking leave to amend. Doc. 17. On January 25, 2010, I entered an order in this civil rights case, filed under 42 U.S.C. § 1983, advising Plaintiff that this Court is unable to afford him any relief and suggesting Plaintiff file a notice of voluntary dismissal. Doc. 16. A federal court cannot interfere in on-going state proceedings and any request for counsel in state court must be provided by the state court. *Id.*, *citing* Youner v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed. 2d 669 (1971).

Rather than complying with the suggestion of dismissal, Plaintiff filed the motion for leave to amend, without providing any basis for amending a complaint that is

deficient. Doc. 17. Plaintiff has not suggested in this motion that he has any viable claims.

Plaintiff does not have a viable civil rights claim to bring in this case as he cannot challenge "his denial of counsel, on direct appeal." Doc. 17. The state courts are available to hear such a claim and, moreover, that is a habeas claim and not appropriate for a civil rights action.

Further, one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372. Furthermore, Plaintiff may not pursue a civil rights claim

to seek injunctive relief. No matter the request for relief, a civil rights action cannot undermine a conviction. Plaintiff's conviction is still valid and the basis for Plaintiff's current incarceration. This action must be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that the motion seeking leave to amend, doc. 17, be **DENIED** as futile, and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 11, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**